UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL J. GONNELLI, ET AL.,** : | |
| : | Civil Action No. 05-5201 (JLL) |
| **Plaintiff(s),** : | REPORT AND RECOMMENDATION |
| v. : | |
| **TOWN OF SECAUCUS, ET AL.,** : | |
| **Defendant(s).** : | |

**THIS MATTER** having come before the Court by way of Plaintiff Michael J. Gonnelli and Linda Gonnelli's (collectively referred to as the "Plaintiffs") application to disqualify Thomas B. Hanrahan, Esq., counsel for Defendants Town of Secaucus, Dennis Elwell and Anthony D. Iacono (collectively referred to as the "Defendants"), and Defendants having opposed the application, and the matter having been remanded for this Court to make certain findings of fact, and the Court having considered all submissions by both parties and having held a hearing on the issue of disqualification; and

**WHEREAS,** on April 18, 2006, the Hon. Ronald J. Hedges, U.S.M.J. issued an Opinion and Order denying Plaintiffs' motion to disqualify counsel; and

**WHEREAS**, on May 1, 2006, Plaintiffs appealed that Opinion and Order to the Hon. Jose L. Linares, U.S.D.J.; and

**WHEREAS**, on August 28, 2006, Judge Linares issued an Opinion and Order (the "August 28 Opinion and Order") affirming in part and reversing and remanding in part the

decision rendered by Judge Hedges; and

 **WHEREAS**, in the August 28 Opinion and Order, Judge Linares directed the Undersigned "to make findings of fact regarding when [Mr.] Hanrahan commenced representation of Defendants in this action, and when he conclusively terminated his representation of [Plaintiff Michael J. Gonnelli] in the [matter of <u>Hartwig v. Town of Secaucus and Michael Gonnelli</u>, Docket No. HUD-L-2304-03]" (See Opinion and Order of Hon. Jose L. Linares, U.S.D.J., dated August 28, 2006, P. 10,¶ 2); and

 **WHEREAS** the Court permitted additional briefing on the issue of attorney disqualification and held a hearing on the issue of disqualification; and

 **WHEREAS** in the August 28 Opinion and Order, Judge Linares directed that "if the Court finds **any** overlap between [Mr.] Hanrahan's representation of Plaintiff [Michael J. Gonnelli] in the <u>Hartwig</u> matter and Defendants in the present action, then a <u>per se</u> violation of RPC 1.7(a) will have occurred" (emphasis added); and

 **WHEREAS** the Court makes the following findings of fact:

 Mr. Hanrahan's letter brief and billing records demonstrate that his involvement in the <u>Hartwig</u> matter continued through April 28, 2006, with twenty-three separate entries appearing on his billing records for the period between February 1 - April 28, 2006. Significantly, the <u>Hartwig</u> billing records show that Mr. Hanrahan engaged in review of the settlement agreement in that matter, which taken alone would constitute sufficient action to create an overlap of representation. (<u>See</u> Exhibit E to letter brief, dated January 22, 2007, from James E. Patterson, Docket Entry No. 30).

 In addition to the aforementioned instance of representation, Mr. Hanrahan's records

evidence other forms of active legal work in the Hartwig matter, such as the drafting of status reports/e-mails, telephone conferences, including one with a local newspaper, communications regarding the proposed settlement and release of the Hartwig claims, and other general correspondence.  (See id.).

Mr. Hanrahan, by his own concession, was fully engaged as counsel for Defendants in the present action no later than February 1, 2006, (See letter brief, dated February 7, 2007, from Thomas B. Hanrahan, Docket Entry No. 32 at ¶3, Page 3, stating that "... the undersigned did not begin representation until February 2006 when the Motion to Vacate Default was filed")[1].  The record demonstrates that Mr. Hanrahan did file a motion to vacate default on Defendants' behalf on February 1, 2006.  Accordingly, February 1, 2006 is the latest date by which Mr. Hanrahan's representation could have commenced in the present action.

The Court finds that Mr. Hanrahan's representation of Plaintiff Michael J. Gonnelli in the Hartwig matter overlapped with his representation of Defendants in this action for the period between February 1, 2006 and April 28, 2006[2];

---

[1]That February 1, 2006 is the latest possible date on which Mr. Hanrahan undertook representation of Defendants in this action is consistent with the August 28 Opinion and Order which concluded that the date by which that representation commenced "will certainly be before the Answer was filed, since counsel would have needed to consult with his client."  (See Opinion at P. 8).  Mr. Hanrahan filed an Answer on behalf Defendants on February 10, 2006.

[2]Mr. Hanrahan argues that his representation of Mr. Gonnelli in the Hartwig matter was minimal after December 29, 2005, when the appeal in that matter was dismissed.  Regardless of Mr. Hanrahan's argument, the record demonstrates that counsel's representation of Mr. Gonnelli in Hartwig overlapped with his representation of Defendants in the instant matter. The Court is constrained to note that Mr. Hanrahan's billing records demonstrate that he spent time reviewing the Hartwig settlement agreement and preparing a status report based on its contents after his representation of Defendants in this matter commenced.  As stated above, the Court finds that this action alone is sufficient evidence of Mr. Hanrahan's continuing role as counsel in the Hartwig matter.

**IT IS**, this 2nd day of June, 2008

**HEREBY RECOMMENDED** that Plaintiffs' application to disqualify counsel for Defendants be granted in accordance with the findings of fact set forth above.

                              *s/ Claire C. Cecchi*
                              **HON. CLAIRE C. CECCHI**
                              **United States Magistrate Judge**